Thomas Crocker, plaintiff in error *v.* Herman Goodsell and Luke Keyes, defendants in error.

### *Error to Adams.*

Where by a contract G. and K. were to build a mill for C., and four months after the contract should be completed, C. was to pay them $150. Held that they could not sustain an action for the $150 until the expiration of four months from the time the services were offered to be performed, although they were prevented from completing the contract by the conduct of C.

Whether a written contract contains a condition precedent or not, is a question of law for the Court to decide ; and it is not a matter for the consideration of the jury.

On the 19th day of November, 1830, Goodsell and Keyes instituted a suit in the Adams Circuit Court, against Crocker, upon the following agreement:

" This article of agreement made and entered into this seventh day of May, in the year of our Lord one thousand eight hundred and thirty, between Thomas Crocker of the first part, and Herman Goodsell and Luke Keyes of the second part, all of Adams County and State of Illinois, Witnesseth : That the party of the first part doth agree to pay the said party of the second part one hundred and fifty dollars, when the said party of the second part do complete a saw-mill in a workmanlike manner for the said party of the first part; and the said party of the first part doth agree to pay the said party of the second part, the sum of one hundred and fifty dollars in four months after the mill shall be completed ; and the said party of the first part doth agree to

(1) *Ante* 67.

board the said party of the second part and find them a reasonable quantity of liquor, and to haul the timber to the place, and to find all necessary irons for the said mill as fast as the said party of the first part can conveniently, and the said party of the first part doth agree to clean out a suitable place for said mill. And the said party of the second part do agree to put in a forebay, and the said party of the first part is to find plank for that purpose.

(Signed.)                                THOMAS CROCKER,
                                         H. GOODSELL,
                                         LUKE KEYES."

The declaration was in *assumpsit,* and contained three counts. The first, after stating the contract, averred that the plaintiffs "did enter upon and commence the said work, and for that purpose did procure and find all labor and tools necessary for performing the same, and did the same, in part, according to the tenor and effect of said agreement, and have always been ready and willing to perform and complete the whole of the said work in pursuance of the said agreement, of all which said premises the said defendant hath had notice, to wit, at Adams county aforesaid, on the twentieth day of June, in the year aforesaid. Yet the said plaintiffs in fact say that the said defendant contriving and wrongfully intending to injure the said plaintiffs, did not nor would perform his said promises and undertakings, but thereby craftily and subtlely deceived the said plaintiffs in this, to wit, that the said defendant did not nor would furnish the plank necessary in erecting and completing the said forebay connected with the said mill: that the said defendant did not nor would provide the necessary irons for performing and completing the work of the said mill; and that he the said defendant did not nor would pay the said sums of one hundred and fifty dollars in the said agreement specified or either of them, or any part of them, to the said plaintiffs, but on the contrary hath hitherto wholly neglected and refused so to do, to wit, at Adams county aforesaid, on the twenty-fifth day of June in the year aforesaid; and the said defendant further disregarding the said agreement and his said several promises and undertakings, afterwards, on the twelfth day of October in the year aforesaid, at Adams county aforesaid, did not nor would permit or suffer the said plaintiffs to proceed to complete the said work, and then and there wholly hindered and prevented them from so doing, to wit, on the twentieth day of October, in the year aforesaid, at Adams county aforesaid."

The second contains an averment of the completion of the contract on the part of the plaintiffs; and the last is the usual count for labor and services.

The defendant pleaded the general issue, and a trial was had at

Crocker *v.* Goodsell *et. al.*

the May term, 1831, and a verdict rendered for the plaintiffs for $200.

A bill of exceptions was taken, which is as follows: "Be it remembered that on the trial of this cause, after the evidence had been concluded both on the part of the plaintiffs and defendant, the defendant's counsel moved the Court to instruct the jury, 'That the completion of the mill and forebay, is a condition precedent, and if the plaintiffs have failed to prove the performance of said work, they cannot recover the specific price agreed to be paid by said contract for the said services. And if they are entitled to recover at all, they cannot recover the last payment, until four months from the time the plaintiffs did the last work on the said mill;' which instruction the Court refused to give, and decided that, that part of the instruction asked for, in relation to the completion of the mill and forebay, and its being a condition precedent, was a matter for the consideration of the jury; and that an absolute performance, in point of fact, would not be necessary to be proved, provided an offer had been made by the plaintiffs to perform the work, and the defendant by his conduct had prevented their doing it. The defendant's counsel further moved the Court to instruct the jury—'That if the said plaintiffs were entitled to recover from the said defendant, the said specific price without completing the work for which it was to be paid, their right to sue for the last payment in said agreement mentioned, did not accrue until four months after they, the said plaintiffs, did the last work on said mill, in pursuance of the said contract,' which instruction the Court also refused to give: To which said several opinions of the Court, the said defendant by his counsel excepts, and prays that this his bill of exceptions may be signed, sealed, and made a part of the record.

*Exceptions allowed.*

(Signed)      RICHARD M. YOUNG,    (L.S.)

A. WILLIAMS, for the plaintiff in error.

J. W. WHITNEY, for the defendants in error.

BROWNE, Justice, delivered the opinion of the Court:

This is a writ of error brought here from the Adams Circuit Court, to reverse a judgment of that Court. The case stands thus: after all the evidence had been closed, the defendant's counsel moved the Court to instruct the jury, " That the completion of the mill is a condition precedent; and if the plaintiffs have failed to prove the performance of said work, they cannot recover the specific price agreed to be paid by said contract for said services. And if they are entitled to recover at all, they cannot recover the last payment until four months from the time the plaintiffs did the last work on said mill "—which instructions

the Court refused to give. It is very clear, that the Court below erred in refusing to give the instructions called for by the defendant's counsel. By the contract, most assuredly the performance of the work was a condition precedent, and the plaintiffs below bound themselves to wait four months after the completion of the mill, and this they did not do. This Court are of the opinion that the judgment below be reversed with costs, and the cause remanded to the Circuit Court of Adams county.

*Judgment reversed.*